LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 SEP 27 PM 3: 09

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

v.

SUE ANN LORRAINE BAKER
DOB: 12/23/1992
                    Defendant.

) CRIMINAL CASE NO. CM 29-13
)
)
) DECISION AND ORDER
)
) (Defendant's Motion to Dismiss Case on *De*
) *Minimis* Grounds)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 10, 2013, on Sue Ann Lorraine Baker's ("Defendant") Motion to Dismiss Case on *De Minimis* Grounds. Assistant Public Defender Jane L. Kennedy represented Defendant. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the written arguments and legal authorities presented by both parties, the Court issues its Decision and Order **DENYING** Defendant's motion.

## BACKGROUND

A Complaint was filed on January 4, 2013, against Defendant charging her with Retail Theft (As a Misdemeanor). Complaint (Jan. 4, 2013). The Complaint alleges that Defendant on or about the 16th day of June 2012, did unlawfully take cosmetic items from Kmart valued at $67.33. See Complaint: Declaration (Jan. 4, 2013). Defendant was arraigned on March 6, 2013, pled not guilty and waived her right to speedy trial. Super. Ct. of Guam Minute Entry Log No. 111146 (Mar. 6, 2013) & Assertion or Waiver of Speedy Trial & Request for Jury of

Twelve (Mar. 6, 2013). Defendant also requested a trial by a jury of six persons. Request for Jury of Six (Apr. 4, 2013).

On June 14, 2013, Defendant filed a Motion to Dismiss Case on *De Minimis* Grounds. On July 8, 2013, the People filed their opposition to the Defendant's Motion to Dismiss. The Court heard the matter on July 10, 2013.

## DISCUSSION

Defendant moves to dismiss the instant case pursuant to 9 GCA § 7.67(b). Defendant contends that "assuming *arguendo* that [she] did take cosmetic items [worth $67.33 from Kmart], it is readily apparent that there is no 'risk of harm to which society may be exposed.'" Def's Mot. to Dismiss Under De Minimis Statute at 3 (Jun. 14, 2013). Defendant further argues that "[a]t all times, she complied with Kmart and police. [Moreover, she] even paid $200.00, far exceeding the amount of the cosmetic items, and obtained a Civil Release of Claims from Kmart." Id. Lastly, Defendant argues that "dismissal is proper based on 9 GCA § 7.67 where even if guilt were proven, a conviction would be inappropriate, and authorizes the trial court to 'mitigate the general provisions of the criminal law to prevent absurd applications.'" People v. Perez, 2004 Guam 4 ¶ 10. Id.

The People oppose Defendant's motion. They argue that "there is nothing absurd about the application of Guam's theft statute to Baker's conduct." People's Opp'n Mot. at 2 (Jul. 8, 2013). They further argue that "[Defendant] was seen inside the K-Mart store, taking merchandise without paying, and leaving. Baker even admitted that she took the K-Mart merchandise without paying. This type of conduct is not trivial, is absolutely reasonable to prosecute, and comports with the conduct that 9 GCA § 43.30(a) seeks to prevent." Id.

Guam's *de minimis* prosecution statute provides that:

## § 7.67. Appropriateness of Prosecution.

The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct: (a) Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense; (b) Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or (c) Presents such other extenuations that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense.

9 GCA § 7.67 (2005).

The Supreme Court of Guam in review of the above statute adopted New Jersey's approach in determining risk of harm to which society may be exposed. The Supreme Court ruled that "the following factors are relevant to an analysis of § 7.67(b): (a) the circumstances surrounding the commission of the offense; (b) the existence of contraband; (c) the amount and value of property involved; (d) the use or threat of violence; and (e) the use of weapons." *People v. Perez*, 2004 Guam 4 ¶ 12. On its face, the Court agrees with Defendant that a close scrutiny of the Declaration and circumstances of this case indicate the absence of any contraband, violence or weapons. Moreover, the property allegedly stolen was recovered. However, the Court disagrees with Defendant on the first factor relative to the circumstances surrounding the commission of the offense.

Defendant is charged with Retail Theft (As a Misdemeanor). The Court recognizes that Guam's Retail Theft statute is as follows:

## § 43.20. Theft; Defined & Punishment Classified

(c) Theft not constituting a felony of the second or third degree is a misdemeanor if the amount involved exceeds Fifty Dollars ($50) or if the property stolen is a credit card or if the property was taken from the person or by extortion.

9 GCA § 43.20 (2005).

People v. Sue Ann Lorraine Baker: CF 29-13
Decision and Order – Defendant's Motion to Dismiss Case on *De Minimis* Grounds

Page 3 of 4

In *People v. Quichocho*, 1997 Guam 13 ¶ 5, the Court held that if a statute is unambiguous, then judicial inquiry is complete. In regards to Defendant's pending charge, this Court agrees with the People in their argument that this type of conduct is not trivial, is absolutely reasonable to prosecute, and comports with the conduct that 9 GCA § 43.20(a) seeks to prevent. The mere fact that Defendant signed a Civil Penalty Release with Kmart in consideration of her payment of $200.00 does not absolve her from the instant criminal complaint. The circumstances surround the theft alleges that Defendant "placed the remaining items in her hart into her purse, then attempted to exit the store by walking past the last cash register and exiting the front entrance." See Complaint: Declaration (Jan. 4, 2013). She was apprehended outside the store entrance.

This Court finds that the intent to prevent retail theft of this nature is clearly stated within 9 GCA § 43.20(c), and that the Defendant, through her alleged actions, violated the Retail Theft statute as charged in the Complaint. The Court does not find an inappropriate application of the statute with the case at bar.

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss Case on *De Minimis* Grounds.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Case on *De Minimis* Grounds.

Further Proceedings is scheduled for ___10/10/13 @ 10a m___.

**SO ORDERED** this ___27___ day of SEPTEMBER, 2013.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SEP 27 2013

People v. Sue Ann Lorraine Baker: CF 29-13                                   Page 4 of 4
Decision and Order – Defendant's Motion to Dismiss Case on *De Minimis* Grounds